IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-6055 |
| GERALD ROZUM, et al. | : | |

**<u>MEMORANDUM AND ORDER</u>**

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and an application to proceed in *forma pauperis*. Upon review, the petition appears to be deficient in several respects. First, the petition, in questions two through five, has not identified, *inter alia*, (1) petitioner's conviction date; (2) the crimes for which he was convicted; or (3) his plea. In response to question eight asking if petitioner appealed his conviction, the answer is: "To this court." Also, petitioner did not file a petition for post-conviction relief in the state court. Therefore, petitioner's claims have not been exhausted.

Petitioner also filed an application to proceed in *forma pauperis*. However, based upon the balance in his inmate account, he does not qualify for that status.

Petitioner must fully and completely answer each question in the petition to permit a determination of which conviction is being challenged and to understand the procedural history of the matter. A petitioner is required to present the factual and legal substance of his claims in a manner that makes clear that the petition is asserting a federal claim. <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999). This petition also includes unexhausted claims. Petitioner must first provide the state court with the opportunity to correct any alleged violations of federal rights before presenting the claims in federal court.

Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995). Petitioner is also attempting to appeal a judgment issued by the state court alleging a violation of the Pennsylvania Constitution. However, federal district courts and courts of appeals do not have jurisdiction to review the final determination by a state court of state constitutional issues. Habeas corpus relief is available only to ensure that individuals are not incarcerated in violation of the United States Constitution. See Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993).

For these reasons, the petition will be dismissed without prejudice to petitioner's filing a new petition.

**ORDER**

AND NOW, this 26th day of January, 2009:

1. The petition for habeas corpus relief is dismissed without prejudice to petitioner's filing a new petition;

2. Petitioner's application to proceed in *forma pauperis* is denied;

3. The Clerk of Court shall furnish petitioner with a blank copy of this Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254;

4. If petitioner decides to file a new petition, he shall fully complete this Court's current standard form of petition as directed by Local Civil Rule 9.3(b) and Rule 2 of the

Rules Governing Section 2254 Cases in the United States District Courts, sign the completed petition, and return it to the Clerk of Courts; and

    5. If a new petition is filed, it shall be opened as a new civil matter.

                                    BY THE COURT:

                                    /s/ Edmund V. Ludwig_____
                                    Edmund V. Ludwig, J.